UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KARAMBIS PROPERTIES, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:23-cv-00129 |
| | § | |
| MILFORD CASUALTY INSURANCE | § | JURY DEMANDED |
| COMPANY, INC. and | § | |
| WHITAKER INSURANCE ASSOCIATES, | § | |
| INC., | § | |
|     Defendants. | | |

### DEFENDANT MILFORD CASUALTY INSURANCE COMPANY, INC.'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Milford Casualty Insurance Company, Inc. ("Defendant" or "Milford") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and in support states as follows:

### I. NATURE OF THE SUIT

1.  This lawsuit arises from an insurance claim made by Plaintiff Karambis Properties, Inc ("Plaintiff" or "Karambis") for insurance proceeds under a policy of insurance issued by Milford. Plaintiff's claim involves fire damage and resulting business interruption to Plaintiff's property which purportedly occurred on or about June 19, 2020. Karambis is asserting claims against Milford for Breach of Contract and unspecified violations of the Texas Insurance Code. Plaintiff also brings claims against their agent, Whitaker Insurance Associates, Inc., for common law negligence.

### II. PROCEDURAL BACKGROUND

2.  Plaintiff filed suit in the 224th Judicial District in Bexar County which is styled, No. 2022CI24339; *Karambis Properties, Inc. v. Milford Casualty Insurance Company, Inc. and Whitaker Insurance Associates. Inc.* ("the State Court Action"). See **Appendix Exhibit B.**

3.  Milford was served with the Original Petition in the State Court Action on January 3, 2023.  *See Appendix* Exhibit C.

4.  Milford and Whitaker both filed Answers in the State Court Action on January 27 and January 30, 2023. *See Appendix* Exhibits C, F and G.

5.  This Notice of Removal is timely filed within the 30-day statutory time period for removal under 28 U.S.C. § 1446(b)(1), being filed within 30 days after the defendant in the suit was served.

### III.  BASIS FOR REMOVAL

6.  This Court has original diversity jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed pursuant to 28 U.S.C. § 1441(b), as it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.  **The proper parties are diverse.**  According to its own pleadings, Plaintiff is a domestic corporation of the State of Texas conducts business in the State of Texas, and as such is a citizen of the state of Texas for diversity purposes.

8.  **Milford is not a Texas citizen**. Defendant Milford Casualty Insurance Company is a foreign entity incorporated in Delaware and with a principal place of business in New York, and thus is a citizen of Delaware and New York for diversity purposes.

9.  **Whitaker Insurance Associates, Inc. is improperly joined.**  Whitaker was improperly misjoined in an effort to circumvent diversity jurisdiction and should be ignored. Whitaker is improperly joined because there is no reasonable possibility that Plaintiff can prevail against Whitaker in the context of the current suit because their claim is unripe, contingent, and premature unless and until the litigation against Milford is completed.  The Fifth Circuit has recognized that "the standard more accurately is described as requiring a showing that there is no

reasonable basis for predicting liability on the claims alleged." *See Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 & n.4 (5th Cir. 2000) (applying "arguably a reasonable basis" test).

10.  Plaintiff's claims against Whitaker are entirely derivative of their claims against Milford and will not possibly be viable unless and until: (1) the insurance coverage with Milford is fully and completely litigated; (2) such litigation establishes no coverage for Plaintiff; and (3) the basis for lack of adequate coverage is an issue upon which Plaintiff believes constitutes a breach by Whitaker.

11.  Courts routinely recognize that claims against insurance agents or brokers before coverage has been litigated and determined are unripe because such claims are "entirely based on contingent future events[.]" *Monroe Guar. Ins. Co. v. Newtex Realty, LP*, Case No. 18-cv-00256, 2019 WL 1261138, at *2 (N.D. Tex. Mar. 4, 2019) (collecting cases from other jurisdictions that have reached similar conclusions); *Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*, 514 F. Supp. 3d 896 (W.D. Tex. 2021) (Dkt. 21, Nov. 23, 2020); *S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1284, 1294 (N.D. Ga. 2013) (holding that insured's third-party claim against insurance agent was not fit for review where insured's liability depended on an underlying declaratory judgment action's resolution), *order clarified by* 15 F. Supp. 3d 1329 (N.D. Ga. 2013), *and motion to certify appeal denied by* 15 F. Supp. 3d 1335 (N.D. Ga. 2013); *Westport Ins. Corp. v. Hamilton Wharton Grp., Inc.*, 2011 WL 724737, at *4 (S.D.N.Y. Feb. 23, 2011) (holding that insured's third-party claims against insurance agent should be dismissed because they were contingent upon the result of the pending coverage dispute), *aff'd*, 483 F. App'x 599, 603-04 (2d Cir. 2012); *Mt. Hawley Ins. Co. v. Giant Oil, Inc.*, 2010 WL 1525518, at *1–2 (M.D. Fla. Apr. 15, 2010) (holding that insured's claims against agent should be dismissed as unripe because each claim is contingent "upon an outcome adverse to [the insured] in [the insurer's] pending

declaratory judgment action")); *see also JWC Hamptons, Inc. v. Empire Indem. Ins. Co.*¸ No. 19-cv-62232, 2020 WL 37571, at *2 (S.D. Fla. Jan. 3, 2020) (holding that the insured's negligent procurement claim against its insurance broker prior to ruling on coverage was premature and, thus, the broker was fraudulent joined).

12. In *Monroe Guar.*, the insurer filed a complaint for declaratory judgment against its insured seeking a declaration that the insurance policy issued to the insured did not afford coverage for alleged damage to the insured's property caused by a former tenant's theft and vandalism. 2019 WL 1261138, at *1. The insured filed a counterclaim against the insurer and a third-party complaint against the insurance agency that placed the policy asserting that the agent was negligent in procuring the policy. *Id.* The court dismissed the third-party complaint against the agent, holding that the insured's claim against the agent was not ripe for adjudication because the agent's "potential liability [was] based on a hypothetical factual scenario that [had] not occurred" and "may never occur." *Id.* at *2.

13. Just as in *Monroe Guar.*, Plaintiff's negligence claims against Whitaker are entirely hypothetical and derivative of the claim against Milford, as they cannot exist unless and until the litigation against Milford is resolved. *Id*. Indeed, Plaintiff's Petition asserts claims against Milford based on the allegation that coverage existed under the Policy and that their Claim was wrongly denied or underpaid.

14. Accordingly, there is no reasonable possibility that Plaintiff can prevail against Whitaker in the context of the current suit because their claim is unripe, contingent and premature unless and until the litigation against Milford is completed.

4

15. Although unnecessary for improperly joined Defendants, Defendant Whitaker has expressly consented to this removal by and through their counsel.[1]

16. **Amount in Controversy.** In their Original Petition, Plaintiff alleges they are entitled to economic damages "sought herein" and also attorney's fees. *See* **Appendix Exhibit B**. Plaintiff's Original Petition is silent as to the total amount in controversy. However the Original Petition states that the "Business Interruption Loss" coverage should have been in the amount of $270,000.00, and that the $100,000 amount of coverage in the Milford Policy was insufficient to cover their "Business Interruption Loss" losses. Accounting for the actual damages sought by the Plaintiff along with the Plaintiff's other claims for monetary relief, including attorney's fees, it is facially apparent that the amount in controversy exceeds $75,000.00 for all amounts within Plaintiff's claimed damages range. *See, e.g., Singleton v. Liberty Cty. Mut. Ins. Co.*, 2019 WL 2123549, at *1 (N.D. Tex. 2019) (considering "request for treble damages, attorney's fees, [and] interest" in determining the amount in controversy). Therefore, it appears reasonably likely the amount in controversy exceeds $75,000, and this removal is proper under 28 U.S.C. §1332.

17. Removal to the Western District of Texas, San Antonio Division is proper because the state court action is pending in Bexar County, which is part of the San Antonio Division.

18. In compliance with 28 U.S.C. § 1446(a) and Local Rule 81, Milford has filed with this Notice of Removal (a) all executed process, (b) all pleadings asserting causes of action, (c) all orders signed by the state court judge, (d) the state court docket sheet, (e) an index of matters being filed, and (f) a list of counsel of record and the parties represented. **See Appendix Exhibits A-G.** Milford will separately file its Corporate Disclosure in compliance with FED. R. CIV. P. 7.1.

---

[1] A removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined. *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (citing *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993).

19. In compliance with 28 U.S.C. § 1446(d), Milford hereby certifies that it will promptly notify the clerk of the court in the State Court Action and all adverse parties of this removal.

### IV. CONCLUSION AND PRAYER

20. The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. §1332 because Plaintiff is a citizen of Texas and no properly joined Defendant is a citizen of Texas. The amount in controversy appears reasonably likely to exceed $75,000, exclusive of interest and costs. As such, this removal is proper under 28 U.S.C. §1441. On these grounds, Defendant hereby removes the referenced State Court Action to this Court.

21. Defendant demands a jury in this removed action.

22. THEREFORE, Defendant Milford respectfully requests that the above-entitled action be removed from the 224th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

By: */s/ Ryan K. Geddie*
**Ryan K. Geddie**
State Bar No: 24055541
Email: geddie@mdjwlaw.com
**Vanessa Martinez**
State Bar No. 24096987
Email: martinez@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P.
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019
Telephone: (214) 420-5500
Facsimile: (214) 420-5501

**Christopher W. Martin**
State Bar No: 13057620
Email: martin@mdjwlaw.com

MARTIN, DISIERE, JEFFERSON &
WISDOM L.L.P.
Niels Esperson Building
808 Travis, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1701
Facsimile:  (713) 222-0101

**ATTORNEYS FOR DEFENDANT
MILFORD CASUALTY INSURANCE
COMPANY, INC**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of **Defendant's Notice of Removal** was served this 2nd day of February 2023 on the following counsel of record in compliance with the Federal Rules of Civil Procedure by the method specified:

          */s/ Ryan K. Geddie*
          Ryan K. Geddie.